UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KHALID MILLER,

                         Plaintiff,

v.                                                          5:24-CV-0040
                                                                (GTS/TWD)

CATHOLIC CHARITIES, Employer of John and
Jane Doe; JANE DOE, Case Worker for Justin Cooper,
Catholic Charities; and JOHN DOE, Maintenance
Worker, Catholic Charities,

                         Defendants.
_____

APPEARANCES:

KHALID MILLER, 91000170
    Plaintiff, *Pro Se*
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Khalid Miller ("Plaintiff") against Catholic Charities and two of its employees ("Defendants"), are Chief United States Magistrate Judge Therese Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed without prejudice and with leave to amend for lack of subject-matter jurisdiction. (Dkt. No. 7.) Plaintiff has not filed an objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (Dkt. No. 7.)  To those reasons, the Court adds the following analysis.

Rather than file an Objection to the Report-Recommendation, Plaintiff has filed an Amended Complaint.  (Dkt. No. 8.)  This haste to litigate has somewhat complicated matters because, while authority certainly exists for the point of law that under the circumstances Plaintiff possessed the right to file an Amended Complaint (arguably mooting some or all of the Report-Recommendation),[2]

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it...." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint.  (*See generally* Docket Sheet.)   Under the circumstances, courts disagree whether he is within the 21-day window in which he may file an Amended Complaint as a matter of course. *Compare Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within ... 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.") *with Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.").

he had not yet received the benefit of the undersigned's ruling on Magistrate Judge Dancks' recommendation before he filed that Amended Complaint (arguably depriving him of the full extent of his opportunity to amend).[3]

In any event, even if the Court were to apply the Report-Recommendation to Plaintiff's Amended Complaint, the Court would accept the Report-Recommendation in its entirety. The fact that Plaintiff has indicated that he is proceeding under federal-question jurisdiction, and has cited "NY CLS Penal 120.00, 121.13," in no way cures the jurisdictional pleading defect identified by Chief Magistrate Judge Dancks in her Report-Recommendation. (*Compare* Dkt. No. 9, at 3 *with* Dkt. No. 7, at 8-9.) As explained by Chief Magistrate Judge Dancks, to assert a claim over which the Court possesses federal-question jurisdiction, Plaintiff must "identif[y] a[] violation of a right guaranteed by federal law or the U.S. Constitution such that his right to relief requires resolution of a substantial question of federal law." (Dkt. No. 7, at 8-9.) A violation of "NY CLS Penal 120.00, 121.13" is not a violation of a right guaranteed by federal law or the U.S. Constitution.

However, out of special solicitude to Plaintiff as a *pro se* litigant, the Court will afford him one more opportunity to amend his operative pleading in this action before the Court dismisses his action without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[3] *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) **shall be *sua sponte* DISMISSED without prejudice** and without further Order of the Court for lack of subject-matter jurisdiction **UNLESS, within THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files a **SECOND AMENDED COMPLAINT** that cures the jurisdictional pleading defects identified by the Report-Recommendation; and it is further

**ORDERED** that, if Plaintiff files a timely Second Amended Complaint, it shall automatically be referred to Chief Magistrate Judge Dancks for her review.

Dated:   May 6, 2024
             Syracuse, New York

Glenn T. Suddaby
U.S. District Judge